# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DIANA LEVINGSTON,     CASE NO.:

  Plaintiff,

vs.

SSS DOWN TO EARTH OPCO LLC, a
Foreign Limited Liability Company,

  Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DIANA LEVINGSTON ("Ms. Levingston" or "Plaintiff"), by and through her undersigned counsel, sues the Defendant, SSS DOWN TO EARTH OPCO LLC ("SSS" or "Defendant") and alleges the following:

1. Plaintiff brings these claims for gender/pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964/the Pregnancy Discrimination Act ("Title VII/PDA"), and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, any and all other relief available by law, and her attorneys' fees and costs.

## JURISDICTION AND CONDITIONS PRECEDENT

2. This Court has original jurisdiction over Plaintiff's claims as they arise under federal law, and the FCRA claims arise from the same common nucleus of operative facts.

3. The actions giving rise to this lawsuit occurred in Orange County, Florida.

4. Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human

Relations ("FCHR").

5. On February 11, 2020, the EEOC issued Plaintiff a "Notice of Suit Rights" concluding that the EEOC found "reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge…"

6. Plaintiff timely files this lawsuit, and has complied with all administrative prerequisites.

## VENUE

7. Venue is proper because Defendant conducts substantial business in Orange County, Florida, and Plaintiff worked for Defendant in Orange County, Florida, where the actions at issue took place.

## PARTIES

8. Plaintiff is protected by Title VII/PDA and the FCRA, because:

   a. She was a pregnant female who suffered discrimination because of her gender/pregnancy by Defendant; and

   b. She suffered an adverse employment action and was fired because of her pregnancy by Defendant.

9. Defendant was at all material times an "employer" as defined by Title VII/PDA and the FCRA as it employed in excess of fifteen (15) employees, collectively.

10. Defendant is a foreign limited liability company that operates in, among other places, Orange County, Florida.

## GENERAL ALLEGATIONS

11. Ms. Levingston worked as a Project Manager for Defendant from January 4, 2018, until her termination on August 31, 2018.

12. During her tenure, Ms. Levingston, the only female employee in her position, was an excellent worker, with no significant history of attendance, performance, or disciplinary issues.

13. Her problems only began when, in the first week of August 2018, she disclosed her pregnancy to Supervisor, Ronald Raines ("Mr. Raines"), and Administrative Manager, Steve Von Essen ("Mr. Von Essen").

14. From that point forward, her employment took a turn for the worse and she was terminated within weeks of her disclosure.

15. When Ms. Levingston disclosed her pregnancy, Mr. Raines immediately asked her about her plans to take days off from work.

16. Taken aback, Ms. Levingston informed him that since she was only nine (9) weeks pregnant, it was far too early to predict her need for time off, but that when the time came, she would notify management of same and work around Defendant's convenience.

17. To that end, Ms. Levingston reassured Mr. Raines that she planned on working as usual for the time being without restriction or need for time off.

18. Unfortunately, shortly after Ms. Levingston disclosed her pregnancy, Defendant unfairly and blatantly retaliated against her.

19. Specifically, Defendant's Supervisors, including Mr. Raines, Mr. Von Essen, and Trace Schwartz ("Mr. Schwartz"), sent inexperienced and unqualified workers to work on Ms. Levingston's projects.

20. This practice essentially sabotaged Ms. Levingston's contract, as important deadlines were not met, and work product was unsatisfactory.

21. On August 24, 2018 Mr. Raines informed Ms. Levingston that Defendant

planned to transfer her to another, "more profitable" account as soon as possible.

22. Accordingly, on August 28, 2018, Ms. Levingston attended a manager's meeting along with Mr. Raines, Mr. Von Essen, Mr. Schwartz, Supervisor, Bryan Mathis ("Mr. Mathis"), and many other DTE managers.

23. Here, it was formally announced that Ms. Levingston's account, Castle Group, canceled its contract with Defendant and as a result, Ms. Levingston would be transferred to work alongside Mr. Mathis.

24. Unbeknownst to Ms. Levingston, by this time, Mr. Von Essen was already planning to terminate her as a result of her pregnancy in violation of the FCRA.

25. Accordingly, three (3) days later, Mr. Von Essen summoned Ms. Levingston to his office and informed her she was terminated, effective immediately.

26. Mr. Von Essen handed Ms. Levingston a termination letter stating that her termination was a result of Castle Group's contract cancellation.

27. This is a clear pretext.

28. Attached as Exhibit A is an e-mail sent by Mr. Von Essen to Lawncare & Landscape Operations Manager, Paul Giordano ("Mr. Giordano"), in which the former, blatantly brainstorms various pretexts to fire Ms. Levingston in order to avoid liability under Title VII/PDA and the FCRA.

29. This type of brazen disregard for the law is outrageous; what makes it more outrageous is that Mr. Von Essen was foolish enough to put it in writing.

30. Title VII/PDA and the FCRA requires equal treatment of pregnant women in the workplace, including but not limited to, hiring firing, job assignments, and promotions.

31. Defendant failed in this regard when it chose to retaliate against and eventually terminate Ms. Levingston solely because of her pregnancy.

32. Indeed, the temporal proximity between Ms. Levingston's pregnancy disclosure and the discrimination she endured further support her claims.

33. Such retaliation and unlawful termination are exactly the kind of adverse employment actions the anti-discrimination provisions of Title VII/PDA and the FCRA were intended to prevent.

34. Plaintiff's firing constitutes an adverse employment action as defined by Title VII/PDA and the FCRA.

35. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

36. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

## COUNT I
## GENDER/PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII/PDA

37. Plaintiff realleges and adopts the allegations contained in paragraphs 1-36 as if fully set forth in this Count.

38. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender/pregnancy discrimination under Title VII/PDA.

39. The discrimination to which Plaintiff was subjected was based solely on her gender/pregnancy.

40. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

41. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

42. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII/PDA.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages if permitted to be pled, and attorneys' fees and costs.

## COUNT II
## GENDER/PREGNANCY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

43. Plaintiff realleges and adopts the allegations contained in paragraphs 1-36 as if fully set forth in this Count.

44. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender/pregnancy discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

45. The discrimination to which Plaintiff was subjected was based solely on her gender/pregnancy.

46. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

47. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

48. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages if permitted to be pled, and attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 12th day of March 2020.

By: **/s/ *NOAH STORCH***
Noah Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorney for the Plaintiff*